UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHKAN ALGHASI,<br><br>               Plaintiff,<br><br>   v.<br><br>NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>               Defendant. | CASE NO. 2:17-CV-01528-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

    Plaintiff Ashkan Alghasi filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his treatment of medical opinion evidence. Had the ALJ not erred, the ALJ's Step Two findings may have changed, and the residual functional capacity ("RFC") may have included

additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 11, 2012, Plaintiff filed an application for SSI, alleging disability as of December 28, 2007. *See* Dkt. 8, Administrative Record ("AR") 21. The application was denied upon initial administrative review and on reconsideration. *See* AR 21. ALJ Wayne Araki has held two hearings and issued two decisions in this matter. The ALJ held the first hearing on September 12, 2013. AR 35-51. In a decision dated December 2, 2013, the ALJ determined Plaintiff to be not disabled. AR 18-34. Plaintiff appealed that decision to the United States District Court for the Western District of Washington, which remanded the case pursuant to a stipulated motion for remand from the parties. *See* AR 417-18, 425-26, 429.

The ALJ held the second hearing in this matter on January 31, 2017. AR 374-88. In a decision dated June 9, 2017, the ALJ determined Plaintiff to be not disabled. AR 348-73. Plaintiff did not file written exceptions with the Appeals Council, making the June 9, 2017 decision the final decision of the Commissioner. 20 C.F.R. § 404.981, § 416.1481. Plaintiff now appeals the ALJ's June 9, 2017 decision.[1]

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) provide legally sufficient reasons to reject medical opinion evidence from Dr. Azar Sadeghalvad, M.D., and Dr. Richard W. Washburn, Ph.D.; (2) account for all of his "severe" impairments at Step Two of the sequential evaluation process; and (3) provide clear and convincing reasons to reject

---

[1] When stating "the ALJ's decision" throughout this Order, the Court is referencing the ALJ's June 9, 2017 decision.

Plaintiff's subjective symptom testimony. Dkt. 12, pp. 2-17. Plaintiff argues that, as a result of these errors, an award of benefits is appropriate. *Id.* at 18.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ erred in his consideration of medical opinion evidence from Drs. Sadeghalvad and Washburn. Dkt. 12, pp. 2-13.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. Dr. Sadeghalvad

Plaintiff's treating physician, Dr. Sadeghalvad, provided her opinion regarding Plaintiff's conditions and workplace limitations on a disability form dated March 14, 2013.[2] AR 275-78. Dr. Sadeghalvad noted Plaintiff had several diagnosed conditions, including "post renal failure with cadaver renal transplant on chronic - permanent, immunosuppressive medications," "RLQ [right-lower quadrant] pain," "chronic back pain," "sleep apnea," and "obesity – morbid[]." AR 275. Dr. Sadeghalvad opined that these conditions contribute to Plaintiff's limitations in work activities. AR 275. In particular, Dr. Sadeghalvad opined these conditions limited Plaintiff to sitting, standing, and walking for less than fifteen minutes at a time. AR 275. Dr. Sadeghalvad moreover wrote that Plaintiff could never climb, twist, bend, squat, or crawl, and could reach, grasp, use a keyboard, and use fine manipulation for fifteen to thirty minutes at a time. AR 275. Further, Dr. Sadeghalvad determined Plaintiff could lift, carry, and push less than ten pounds for less than ten minutes at a time. AR 277. She also opined Plaintiff was "severely limited," indicating she believed Plaintiff was unable to lift at least two pounds or unable to stand or walk. AR 277. In all, Dr. Sadeghalvad concluded Plaintiff could participate in work for zero hours each week. AR 275.

The ALJ discounted the weight given to Dr. Sadeghalvad's opinion for three reasons:

> (1) [O]ther than a list of diagnoses/conditions and claimant's current treatment plan/providers (ENT, nephrology, ophthalmology), the doctor provided little evidence of clinical findings to support the opinion of permanent disability and functional limitations to preclude all work. (2) The doctor also indicated that claimant needed further evaluation or assessment. (3) The primary care provider's opinion of total disability is not consistent the claimant's nephrology evaluations/exams and laboratory testing with Drs. Mahallati and Brockenbrough,

---

[2] The ALJ also gave little weight to an April 10, 2014 opinion from Dr. Sadeghalvad. *See* AR 364-65. Plaintiff, however, does not challenge the weight given to this opinion. *See* Dkt. 12, pp. 10-12. Therefore, the Court does not assess whether the ALJ erred in his assessment of Dr. Sadeghalvad's April 10, 2014 opinion, and any reference to "Dr. Sadeghalvad's opinion" in this Order refers to her March 14, 2013 opinion.

1     discussed above, indicating stable renal function and generally normal labs, as well as Dr. Mahallati's comments in treatment notes questioning the claimant's assertions of disability.

AR 364 (numbering added) (citations omitted); *see also* AR 365 ("Dr. Sadeghalvad's opinion of disability is given little weight").

    Each of the ALJ's reasons for discounting Dr. Sadeghalvad's opinion contained error. First, the ALJ discounted Dr. Sadeghalvad's opinion because Dr. Sadeghalvad "provided little evidence" to support her opinion. AR 364. An ALJ may discount a physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). But an ALJ cannot reject a treating physician's opinion for being brief or conclusory where the physician's opinion is supported by her own treatment notes that are contained in the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

    In this case, Dr. Sadeghalvad's treatment notes supported her opinion. For instance, Dr. Sadeghalvad's treatment notes from a May 30, 2013 physical examination found Plaintiff had "pain with palpation of RLQ and . . . presence of evidence of transplanted mass renal RQL." AR 316. The notes from this appointment indicate Dr. Sadeghalvad observed "pain with walking, slight antalgic gait[3] with stepping to the right," and "pain radiating" on his right thigh to mid-leg, too. AR 316. At an October 10, 2013 appointment, Dr. Sadeghalvad's physical examination revealed "abnormal station and stability," and "pain and increase spasm" in the thoracolumbar and parathoracic spinal regions. AR 308. Dr. Sadeghalvad also noted her examination showed "increase numbness with forward bend, unable to extend beyond 5 deg [sic]," and "pain and

---

[3] An antalgic gait is "a characteristic g[ait] resulting from pain on weightbearing in which the stance phase of g[ait] is shortened on the affected side." *Groom v. Colvin*, 2013 WL 3208591, at *8 (D. Kan. June 24, 2013) (quoting STEDMAN'S MEDICAL DICTIONARY 698 (26th ed. 1995)) (internal quotation marks omitted).

numbness radiating in S1 pattern on right lateral to toes." AR 308. Multiple other treatment notes support Dr. Sadeghalvad's opined limitations, as well. *See, e.g.*, AR 311 ("RLQ pain with mild palpation"), 721 ("[l]imited range of motion with lumbar flexion and extension"), 728 ("[t]enderness to palpation of the right trochanteric and hip region" and "[l]imited range of motion of hip and knee extension, right more than left"). These notes of abnormalities, pain, and numbness support Dr. Sadeghalvad's opinion regarding Plaintiff's limitations.

Hence, the ALJ's first reason for discounting Dr. Sadeghalvad's opinion was not specific and legitimate nor supported by substantial record, because the ALJ overlooked treatment notes which support Dr. Sadeghalvad's findings. *See Burrell*, 775 F.3d at 1140 (ALJ erred in finding a treating physician's opinion was "conclusory" and supported by "little explanation," as the ALJ "overlook[ed] nearly a dozen [treatment] reports related to head, neck, and back pain").

Second, the ALJ gave Dr. Sadeghalvad's opinion little weight because Dr. Sadeghalvad indicated that she believed Plaintiff needed further evaluation. AR 364. An ALJ cannot reject a medical opinion in a vague or conclusory manner. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421.

Here, the ALJ asserted Dr. Sadeghalvad's opinion was undermined by her own statement that Plaintiff needed further evaluation, but made no effort to explain how that statement contradicted her opined limitations. *See* AR 364. "This approach is inadequate." *See Embrey*, 849 F.2d at 422. Accordingly, this vague, conclusory reason was not a specific and legitimate reason to discount Dr. Sadeghalvad's opinion. *See id.* (an ALJ cannot merely state facts the ALJ

claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings [he] rejects"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings").

Third, the ALJ gave Dr. Sadeghalvad's opinion little weight because the ALJ found the opinion inconsistent with examinations and comments from Drs. Ahmad Mahallati, M.D., and Andrew T. Brockenbrough, M.D. AR 364. "An ALJ errs when he rejects a medical opinion or assigns it little weight while . . . asserting without explanation that another medical opinion is more persuasive." *Garrison v. Colvin*, 759 F.3d 995 1012-13 (9th Cir. 2014). In this instance, the ALJ gave greater weight to the examinations and comments from Drs. Mahallati and Brocknbrough over those of Dr. Sadeghalvad's without explanation as to why they are more persuasive. *See* AR 364. As such, this reason for rejecting Dr. Sadeghalvad's opinion was error. *See Garrison*, 759 F.3d at 1012 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("Where an ALJ does not . . . set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.").

For the above stated reasons, the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Sadeghalvad's opinion. Therefore, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The

determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, had the ALJ properly considered Dr. Sadeghalvad's opinion, the ALJ's findings at Step Two of the sequential evaluation process may have changed. Specifically, Plaintiff maintains the ALJ committed harmful error by failing to find his sleep apnea, obesity, renal failure, and pain were severe impairments at Step Two. Dkt. 12, pp. 13-15. Dr. Sadeghalvad's opinion and treatment notes reference these diagnosed conditions. *See* AR 275; *see also* AR 305, 307, 310, 316, 549, 723. Hence, proper consideration of Dr. Sadeghalvad's opinion may reconcile the alleged Step Two errors.

Furthermore, with proper consideration of Dr. Sadeghalvad's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For example, the RFC and hypothetical questions may have reflected Dr. Sadeghalvad's opinion that Plaintiff can never climb, twist, bend, squat, or crawl. AR 275. The RFC and hypothetical questions may have also indicated Plaintiff could not lift two pounds, was unable to stand or walk, and could participate in work zero hours per week. AR 275, 277. The RFC and hypothetical questions did not contain such limitations. *See* AR 47-51, 358. Because the ultimate disability determination may have changed with proper consideration of Dr. Sadeghalvad's opinion, the ALJ's error was not harmless and requires reversal.

The Court therefore directs the ALJ to re-evaluate Step Two and Dr. Sadeghalvad's opinion on remand.

B.  Dr. Washburn

Plaintiff argues the ALJ erred in his consideration of medical opinion evidence from examining physician, Dr. Washburn. Dkt. 12, pp. 5-10.

Dr. Washburn conducted a psychological evaluation of Plaintiff on August 8, 2012. AR 179-85. As part of his evaluation, Dr. Washburn conducted a diagnostic interview with a mental status examination and other psychological tests – including a Wechsler Memory Scale IV test and a Trails Test. AR 179-85. Additionally, Dr. Washburn reviewed an Adult Function Report that Plaintiff prepared, and medical records. *See* AR 179-80.

In relevant part, Dr. Washburn noted in the mental status examination that Plaintiff's mood was mildly depressed. AR 181. Dr. Washburn wrote that Plaintiff reported moderate depression, and that "[f]eelings of discouragement, low self-esteem, lack of energy, and loss of pleasure from life" were extreme problems. AR 181. Dr. Washburn also documented that Plaintiff reported excessive sleeping as more than a moderate problem. AR 181. Moreover, Dr. Washburn noted Plaintiff reported that "anxiety is more than a moderate problem as is fearfulness, repetitive worry and nervousness." AR 181. Dr. Washburn further wrote that while Plaintiff indicated "panic attacks are only somewhat of a problem," feeling that he was "losing cognitive control . . . is more than a moderate problem," and his fear "that he will die from a stroke or heart failure is also more than a moderate problem." AR 181-82. Dr. Washburn wrote that Plaintiff's "[n]ightmares are a moderate problem while flashbacks are an extreme problem." AR 182. Dr. Washburn noted Plaintiff reported more than moderate frustration, and that anger and irritation are moderate problems. AR 182. In addition, Dr. Washburn found Plaintiff's "affect was appropriate to speech content with a probable attenuated range with few, if any, feelings of happiness and wellbeing." AR 182. Dr. Washburn opined Plaintiff's "practical

judgment is adequate," but his "insight into his situation appears to [sic] limited by distortions secondary to his depression." AR 182.

In memory testing conducted during the mental status examination, Dr. Washburn found that while Plaintiff's "delayed memory is at least fair," he is "likely to be easily distracted." AR 182. Memory testing from the mental status examination also indicated Plaintiff's "general memory functioning is adequate," although he has "poor ability to recall visual information" and "poor" auditory attention and concentration. AR 182. Further psychological and memory testing confirmed Plaintiff's immediate memory for auditory and visual material is "low average," with scores ranging "from average to very poor." AR 183. Moreover, Dr. Washburn opined that Plaintiff's visual working memory fell "in the range of impaired functioning." AR 183.

In relevant part, Dr. Washburn determined after his evaluation that Plaintiff's "worry about his family is repetitive out of his control." AR 184. Dr. Washburn found Plaintiff's "[c]hronic, repetitive worrying, frustration and fear of loss of cognitive control all contribute to debilitating levels of depression and anxiety." AR 184. Dr. Washburn also opined that while Plaintiff has average intelligence and adequate memory, he has "some impairment in auditory concentration and visual concentration." AR 184. Dr. Washburn concluded Plaintiff "does not appear to have the emotional stability needed to cope with the normal stress of full time, gainful employment at this time." AR 184. Dr. Washburn went on to state Plaintiff's "prognosis for improvement . . . is guarded at this time," and will likely "require treatment services for several years before his employment potential can be determined." AR 184.

The ALJ discussed Dr. Washburn's report and assigned it "little weight" because:

> (1) [Dr. Washburn's] opinion is not fully consistent with the claimant's demonstrated functioning on the exam and reported activities, discussed above. While the claimant did display some impairment in auditory and visual concentration, overall testing indicated his "general memory functioning is

| | |
|---|---|
| 1 | adequate" including average in auditory memory and strong average in immediate memory, as reported [by Dr. Washburn], despite his hearing and memory complaints. Further, as noted above, the claimant is able to complete a range of daily living tasks and activities despite his hearing, memory and mental complaints including helping care for his two young children, driving, using public transit, learning English by computer/internet, and attending English language classes. (2) Dr. Washburn's opinion that [sic] claimant is unable to work appears to rely largely on claimant's subjective reports of anxiety/PTSD symptoms related to leaving Iran for religious/political persecution and his kidney transplant, as opposed to evidence of disabling functional limitations. |

AR 366-67 (numbering added) (citations omitted).

First, the ALJ discounted Dr. Washburn's opinion because he found Dr. Washburn's opinion inconsistent with the examination and Plaintiff's reported activities. AR 366. An ALJ may reject a physician's opinion if it is inadequately supported by the physician's clinical findings, and if it is inconsistent with the claimant's daily activities. *See Thomas*, 278 F.3d at 957 (citation omitted); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet, as previously explained, an ALJ cannot use a conclusory statement to reject a doctor's findings; rather, the ALJ must state his interpretations and explain why they, rather than the doctors' interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

In this case, after stating that Dr. Washburn's opinion was inconsistent with his own examination and Plaintiff's activities, the ALJ went on to describe aspects of the examination and Plaintiff's activities. *See* AR 366. However, the ALJ failed to explain how any of these examination factors or activities undermine particular findings from Dr. Washburn. *See* AR 366. Such conclusory reasoning is insufficient to reject a physician's opinion. *Embrey*, 849 F.2d at 421 (an ALJ errs when he states a medical opinion is contrary to the objective findings without further explanation, "even when the objective factors are listed seriatim"); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's

conclusions were supported by substantial evidence"). Without further explanation, the ALJ's first reason for rejecting Dr. Washburn's opinion was not specific and legitimate.

Second, the ALJ gave Dr. Washburn's opinion little weight because he found Dr. Washburn's opinion "appears to rely largely" on Plaintiff's subjective reports "as opposed to evidence of disabling functional limitations." AR 366-67. An ALJ may reject a physician's opinion if it is primarily based upon a claimant's properly discounted self-reports. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). Here, however, the ALJ fails to provide any explanation as to why it appears Dr. Washburn's report relies on Plaintiff's subjective reports. *See* AR 366-67; *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

In addition, the Ninth Circuit has held mental status examinations and psychological testing "are objective measures and cannot be discounted as a 'self-report[s].'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Psychiatric evaluations "will always depend in part on the patient's self-report" because "unlike a broken arm, a mind cannot be x-rayed." *Id.* (internal quotation marks omitted) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.*

In this case, Dr. Washburn's evaluation included a diagnostic interview with mental status examination, record review, and other psychological testing, including memory testing. *See* AR 179-185. As such, his evaluation cannot be discounted as self-reports, and this was not a specific, legitimate reason for giving Dr. Washburn's opinion little weight. *Id.*

1	     The Court concludes the ALJ's two reasons for assigning Dr. Washburn's opinion little
2	weight are not specific and legitimate and supported by substantial evidence. Accordingly, the
3	ALJ erred in his consideration of Dr. Washburn's opinion. Had the ALJ properly considered Dr.
4	Washburn's opinion, the RFC and hypothetical question posed to the VE may have included
5	additional limitations, such as that Plaintiff cannot maintain full-time employment. *See* AR 184.
6	As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See*
7	*Molina*, 674 F.3d at 1115.

## II. Whether the ALJ properly assessed Plaintiff's subjective symptom testimony.

     Next, Plaintiff asserts the ALJ erred in his consideration of Plaintiff's subjective symptom testimony. Dkt. 12, pp. 15-17. The Court has determined the ALJ committed harmful error in his assessment of medical opinion evidence from Drs. Sadeghalvad and Washburn. *See* Section I., *supra*. The Court has directed the ALJ to re-evaluate Step Two on remand, as well. *See id.* Given that new findings at Step Two and proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court instructs the ALJ to reassess Plaintiff's testimony on remand.

## III. Whether an award of benefits is warranted.

     Lastly, Plaintiff maintains this matter should be remanded with a direction to award benefits. Dkt. 12, p. 18.

     The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be

credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

The Court has determined, on remand, the ALJ must re-evaluate Step Two, medical opinion evidence from Drs. Sadeghalvad and Washburn, and Plaintiff's subjective symptom testimony. *See* Section I., *supra*. Because outstanding issues remain regarding Plaintiff's severe impairments, the medical opinion evidence, Plaintiff's subjective symptom testimony, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 19th day of July, 2018.

David W. Christel
United States Magistrate Judge